UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x   NOT FOR PUBLICATION

DWAYNE SINGLETON,

                         Plaintiff,

  -against-

ROSE AGRO, Warden of George R. Vierno Center,
in her official and individual capacity,

                         Defendant.
------------------------------------------------------------x

MEMORANDUM
AND ORDER

12-CV-1473 (MKB) (MDG)

BRODIE, United States District Judge:

On March 16, 2012, plaintiff Dwayne Singleton, then incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island,[1] commenced this *pro se* action pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and dismisses the complaint with leave to amend as set forth below.

## Background

This is plaintiff's third action within the last six months. *See Singleton v. Bubb*, No. 11-CV-5709 (MKB) (filed Nov. 17, 2011) (dismissed in part); *Singleton v. Agro*, No. 12-CV-790 (JG) (filed Feb. 10, 2012) (dismissed). In this action, the well-pleaded factual allegations of which the Court accepts as true for the purposes of this Order, plaintiff alleges that while incarcerated at GRVC, (a) he was housed in a cell with an electrical switch, (b) he was denied dental floss, shampoo and Q-Tips and the opportunity to purchase these items, (c) he was denied an attorney visit on February 24, 2012 and (d) his toilet stopped flushing and was clogged for approximately four days. (Compl. at 3-6.)

---

[1] By letter mailed March 23, 2012, plaintiff informed the Court that he has been moved to the Charles H. Gay Center on Wards Island in New York County.

Discussion

A. Standard of Review

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, the Court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. *See generally Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the Court is required to dismiss *sua sponte* an IFP action if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

B. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Rae v. County of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188

F.3d 51, 53 (2d Cir. 1999)).

The allegations currently set forth in the complaint regarding the conditions of confinement are insufficient to state any plausible claim upon which relief may be granted. *See* Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). The complaint is therefore dismissed under § 1915A(b) and § 1915(e)(2)(B); however, the Court grants plaintiff leave to amend his complaint within 30 days as set forth below. *See, e.g., O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010); *Solis v. Breslin*, 107 F. App'x 262, 264 (2d Cir. 2004).

Plaintiff's claims based on the conditions of his GRVC confinement, specifically the access to an electrical switch, the denial of dental floss, shampoo and Q-Tips and the toilet malfunction, are dismissed. Assuming that plaintiff is a pretrial detainee, the Court must consider whether the challenged conditions amount to "punishment" without due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (noting that claims for deliberate indifference to the health or safety of a detainee are analyzed the same under the Eighth and Fourteenth Amendments). Here, none of the conditions plaintiff describes rises to the level of a constitutional deprivation such that it would state a claim under either the Eighth Amendment or Fourteenth Amendment. Therefore, the Court dismisses plaintiff's claims concerning his prior GRVC confinement pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

However, the Court grants plaintiff leave to file an amended complaint within 30 days solely related to plaintiff's allegation that he was denied an attorney visit. An inmate's right to counsel to assist in his defense during a criminal prosecution implicates "both the due process right of access to the courts and the Sixth Amendment right to counsel." *Benjamin v. Fraser*, 264 F.3d 175, 187 (2d Cir. 2001); *see also Procunier v. Martinez*, 416 U.S. 396, 419 (1974), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Alster v. Goord*, 745 F.Supp.2d 317, 340-

341 (S.D.N.Y. 2010).

Because plaintiff does not allege that defendant Agro was personally involved in the alleged denial of the attorney visit on February 24, 2012, *see Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (personal involvement of defendants in alleged constitutional deprivations required for an award of damages under § 1983) (quotation omitted), the Court directs plaintiff to file an amended complaint to demonstrate defendant Agro's personal involvement or to name the correction officer who was involved in the alleged denial of the attorney visit on February 24, 2012.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, against defendant Agro concerning the conditions of confinement at GRVC is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

However, the Court grants plaintiff leave to file an amended complaint – within 30 days from the entry of this Order – as to his claim that he was denied an attorney visit on February 24, 2012. All proceedings shall be stayed for 30 days or until plaintiff files an amended complaint. If plaintiff elects to file an amended complaint, that submission should be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 12-CV-1473 (MKB)(MDG). The amended complaint shall replace the original complaint and shall be reviewed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). In the amended complaint, plaintiff must provide a statement of claim, including the date(s) of all relevant events and a brief description of what defendant Agro or other prison official allegedly did or failed to do in connection with the purported denial of an attorney visit. If plaintiff cannot identify the individual defendant(s) within the time allowed in this order, he may designate the individual as John (or Jane) Doe. If plaintiff fails to file an amended complaint within 30 days from the entry of this Order, judgment shall be entered dismissing the complaint for

the reasons set forth herein.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: April 5th, 2012
Brooklyn, New York